We have another unbalanced argument. This is Henry-Griffitts v. Acushnet, Roger Cleveland Golf Company and TaylorMade, and I think we're not going to hear from Appellant. We will hear from Roger Cleveland, Appellee, Mr. Parkhurst. Thank you, Your Honor. May it please the Court, I represent Appellee, Roger Cleveland, Golf Company, Inc., in this appeal, which is an appeal of a judgment, a stipulated judgment, based upon a claim construction by the District Court. And we appear today here primarily to answer the Court's questions, particularly questions that may have arisen out of the Appellant's reply brief. To orient us in the subject matter that's claimed in the patent in suit, this can be summarized as apparatus for fitting the lie angle of a golf club. And in layman's terms, we can think of this as determining that when a golfer hits a ball, the bottom of the golf club head, or the sole, as it's called, of the golf club head, makes contact with the ground approximately in the middle of that sole. Sometimes too much. Yes, sir. And this sort of fitting is very similar to the apparatus described in the Maltby Prior Art Reference in the record. And that apparatus, as claimed, includes a golf club, as we just discussed. It includes a removable, abradable coating, or tape, on the bottom or sole of the golf club head. And third, it includes a translucent surface, which both supports the golf ball when it's being hit and abrades the removable, abradable coating as it scrapes that surface. Additionally, the claim of the patent in suit, the independent claim, and therefore all claims, call for that translucent surface to further include means for imparting a tactually soft appearance there, too. That's the heart of the appeal, isn't it? Yes, we believe it is, Your Honor. That is a 112-6 claim format? Yes. Both sides agree on that? Yes. And there's nothing more that describes that, no more structure associated with that function than we find at the bottom of Column 1 and the top of Column 2? Of the patent? Of the patent. I believe that's right, Your Honor. We quoted, I believe we quoted in our brief the entirety of such disclosure in the patent. Yes, I believe that you're looking at a proper portion of the patent, the bottom of Column 1. When they say the feature is enhanced by, and then give a color, does that require under means plus function language that that then becomes the structure? Or does that just enhance the structure, which is otherwise described as plastic? In other words, does it have to be blue? That's further enhanced, isn't it? Well, whether it's enhanced or further enhanced, we believe that it's clear from the claims and what happened to the claims during prosecution that you first have to have the translucent surface, and then the translucent surface has to further include some means for providing the tactually soft appearance. And so the plastic as discussed in the disclosure that you've already pointed to, Your Honor, is said in some places in the disclosure to have translucency. So it can provide a translucent surface. In other places in the disclosure, it says that that translucency itself can impart the soft appearance. Okay. It's taken a long time to get to the question. Does it have to be blue and white? Or is that a requirement? Or is that merely an enhancing feature? Or does the further, as our presiding judge suggests, make it a mandatory part of the structure that corresponds to the function in this 112-6 format? As we believe this claim and the means clause in it must be construed, and as the district court did, in order to would have to be an additive to the translucency of the surface. What about equivalence thereof? There could be some equivalence thereof, perhaps another color. So the claim construction in this case, and I'm sure that the court has seen the claim that's completely reproduced at page five of our brief, becomes the question of what did the patentee inform the public was the property that he was seeking to protect? And in this appeal, we submit that both of the appellant's briefs, both the principle brief and the reply brief, failed to tell the court why the judgment should be changed. They stipulated the judgment below based upon the district court's claim construction, but they haven't demonstrated how that construction should be changed, and if changed, how their stipulation should therefore be invalid or wrong or the judgment be changed or vacated. Turning particularly to their reply brief, which I mentioned earlier, in their reply brief, they purported to preserve issues for any issue that Your Honor mentioned as the focus of the appeal. They failed to mention things and list them as issues for appeal in their principle brief. What does your translucent surface look like? It's perfectly clear plastic. Perfectly clear. Is that translucent? It's transparent. In the context of the definition of the way the words were used in this case, it's transparent. It's not translucent, as the term has been construed in this case. And it's not light blue or off-white? No, sir. Of course, we're not dealing with infringement here. We're dealing with claim construction. That's correct. So as I was saying, their principle brief did not identify the removable, abradable coating as an issue on appeal, and although they mention it in passing in their reply brief, they don't argue it further. Their principle brief did not separately argue the translucent surface, although they discussed it in conjunction with the means clause. But in their reply brief, interestingly, at page 7, they ultimately admit, and I quote, the correct meaning of translucent surface is a surface which permits the passage of light without being completely clear, i.e. not perfectly clear or, in parentheses, transparent or opaque, close quote, which is virtually identical to the construction that the district court adopted. So even though they say they're preserving the meaning of translucent for appeal, we say that they have again admitted it's what the district court decided. And in both of their briefs, they, in arguing the means plus function clause, seem to be further including are not even in the claim. And it seems to us that as a matter of plain English that you have to pay attention to the preceding words in the claim to understand how the means clause relates to the other limitations in the claims. It's not a terrifically drafted claim. I agree. So we believe that the district court properly construed the word translucent. They paid attention to the preceding word further. And because of their strict attention to the words of the claims, they properly construed the means clause. And that, as we've said before, the appellant has not demonstrated why the claim construction should be changed or why some different construction should affect the judgment in this case. If there are no further questions or argument, we will take it as it's been presented and take the case under advisement. Thank you. ?? ?? ??